IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TINA ROGERS                                                                                      PLAINTIFF

V.                      CASE NO. 4:15-CV-00475-BRW-JTK

CAROLYN W. COLVIN, *Acting Commissioner*
Social Security Administration                                           DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Billy Roy Wilson. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### DISPOSITION

Plaintiff, Tina Rogers, appeals the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) based on disability.[1] Both parties have submitted

---

[1] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

1

appellate briefs, and the case is ready for a decision. The only issue before the Court is whether the Commissioner's decision that Plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence. For the reasons outlined below, it is recommended that the final decision of the Commissioner be affirmed.

Procedural History

Plaintiff filed her applications for DIB and SSI on January 20, 2012. (Tr. 186-200) She alleged a disability onset date of November 23, 2011. (Tr. 208) Disability Determination Services (DDS) denied the Plaintiff's claims at the initial and reconsideration levels. (Tr. 117-123, 127-28) Plaintiff timely requested a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled. The Appeals Council denied the request for review on May 27, 2015, making the ALJ's decision the final decision of the Commissioner (Tr. 1-4) Plaintiff timely filed her action in federal court.

Administrative Proceedings

An administrative hearing was held on November 7, 2013, and was attended by Plaintiff, her attorney, and a vocational expert (VE). Plaintiff was 51 years old at the time of the administrative hearing and had not engaged in substantial gainful activity since her alleged onset date. (Tr. 16) She has a high school education and past relevant work as a bartender and transportation chef. (Tr. 57) The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process[2] and found that Plaintiff had the severe[3] impairments of

---

[2] "The five-part test is whether the claimant is (1) currently employed and (2) severely impaired; (3) whether the impairment [meets] or approximates a listed impairment; (4) whether the claimant can perform past relevant work; and if not, (5) whether the claimant can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that she is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that a claimant can perform." *Steed v. Astrue*, 524 F.3d 872, 875 n.3 (8th Cir. 2008)(internal citations omitted).

[3] An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 416.920 and 20 C.F.R. § 404.1520. An impairment is "nonsevere" when medical or other evidence

osteoarthritis, scoliosis, chronic obstruction pulmonary disease ("COPD"), hypertension, obesity, and migraine headaches. (Tr. 16-18) The ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of the listing. (Tr. 18-19).

In addition, the ALJ determined that Plaintiff had the residual functional capacity[4] (RFC) to perform light work[5] except with the following limitations: (1) she can only occasionally climb stairs, balance, stoop, kneel, crouch, and crawl; (2) she should never climb ladders; (3) she must avoid exposure to extreme heat, wetness, humidity, and concentrations of dust, fumes, gases, odor, smoke, poor ventilation, and airborne irritants; (4) she cannot work without the option to either sit or stand every sixty minutes; and (5) she can frequently handle, finger, and feel objects. (Tr. 19-23) In making her determination, the ALJ noted that, while the Plaintiff's impairments could reasonably be expected to cause the symptoms alleged, the statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely credible. (Tr. 23) The ALJ further found that while Plaintiff was unable to perform any of her past relevant work, there were other jobs that existed in significant numbers in the national economy that she could perform (i.e. representative occupations such as cashier II). (Tr. 24) Consequently, the ALJ concluded Plaintiff was not disabled.

---

establishes only a slight abnormality that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § 416.921 and 20 C.F.R. § 404.1521.

[4] The RFC is "the most [a claimant] can do despite" his or her "physical or mental limitations." 20 C.F.R. § 416.945(a) and 20 C.F.R. § 404.1545(a).

[5] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b) and 20 C.F.R. 404.1567(b).

Standard of Review

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

Discussion

On appeal, the Plaintiff argues that the Commissioner's decision is not supported by substantial evidence on the record as a whole. (DE #13)  Specifically, she alleges that: (1) the Commissioner's decision should be reversed because the ALJ failed to find that Plaintiff's back impairment and bipolar disorder were severe impairments; (2) the Commissioner's decision should be reversed because the ALJ reached an RFC determination that is not based on substantial evidence; and (3) the Commissioner's decision should be reversed because the Appeals Council

failed to consider additional new and material evidence relating to the period on or before the date of the ALJ's decision. (Tr. 11-17) The Commissioner argues that substantial evidence supports the ALJ's decision that Plaintiff was not disabled from November 2011 through January 2014. (DE #14)

    A.    STEP TWO

At step two, Plaintiff argues that the ALJ erred by not finding that her back impairment or bipolar disorder were severe impairments. (DE #13 at 12-14) The Commissioner responds that the ALJ specifically found that Plaintiff's scoliosis was a severe impairment; thus, her allegations concerning her back impairment are without merit. The Commissioner argues further that substantial evidence supports the ALJ's determination that Plaintiff's bipolar disorder did not rise to the level of a severe impairment. (DE # 14 at 4-8)

The ALJ must determine, "based on the medical evidence, whether the claimant has an impairment or combination of impairments that significantly limits the claimant's ability to perform basic work activities." *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (citing 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii)). Proof of a disabling impairment "must be supported by at least some objective medical evidence." *Marolf v. Sullivan*, 981 F.2d 976, 978 (8th Cir. 1992). The ALJ held that the Plaintiff's scoliosis was a severe impairment; therefore, Plaintiff's argument regarding her back impairment is moot and need not be addressed further. When addressing Plaintiff's bipolar disorder, the ALJ determined the record showed her bipolar disorder only caused mild limitations in her activities of daily living and social functioning; mild restriction in her capacity for concentration, persistence, or pace; and no episodes of decompensation of extended duration. (Tr. 17)

Here, substantial evidence supports the ALJ's step two determination. There is no objective medical evidence to support the Plaintiff's claim that her bipolar disorder rises to the level of a severe impairment. To support her claim, the Plaintiff cites to some medical records which include the diagnosis of bipolar disorder and to records showing that physicians prescribed her Seroquel and Lithium. (DE # 13 at 13)  Furthermore, Plaintiff cites to subjective claims that she made in her function report claiming that her bipolar disorder impacted her ability to get along with others, as well subjective claims during her testimony, and claims to William Kelley, M.D. in which she stated that she felt "down, depressed, and hopeless." *Id.*  It is a claimant's burden to establish that an impairment is severe. *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007).  If an impairment would have no more than a minimal effect on the claimant's ability to work, then it is not considered to be a severe impairment. *Id.*

In making her determination, the ALJ noted that Plaintiff's "medically determinable mental impairment of bipolar disorder does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore non-severe." (Tr. 17)  To reach this conclusion, the ALJ considered that the Plaintiff reported she is able to help care for her young grandson; manages her own finances; performs household chores such as cleaning the house, washing dishes, and doing laundry; notes that she does not have difficulty getting along with family, friends, or neighbors; and has no problems following written or spoken instructions and can pay attention as long as necessary. *Id.*  Additionally, the ALJ took into account the statements in a Third-Party Adult Function Report completed by the Plaintiff's daughter in which she stated that her mother gets along very well with authority figures; has never lost a job due to problems getting along with others; can pay attention for as long as necessary; follows written instructions very well; and has no problems with spoken instructions. *Id.*

Additionally, there is also no record of treatment for Plaintiff's bipolar disorder other than a prescription for Seroquel and Lithium nor are there any reports or claims that the medication Plaintiff was taking for her bipolar disorder was ineffective. *See Williams v. Sullivan*, 960 F.2d 86, 89 (8th Cir. 1992) (holding that absence of treatment beyond prescription medication to control claimant's mental disorder may be inconsistent with a finding of disability). Substantial evidence supports the Commissioner's finding that Plaintiff's bipolar disorder only causes minimal limitation in her ability to work and therefore is a non-severe impairment.

B. THE ALJ'S RFC DETERMINATION

Plaintiff argues that substantial evidence does not support the ALJ's RFC determination for two reasons: (1) the finding that Plaintiff can perform the standing and walking requirements for light work is inconsistent with the opinion of consultative examiner, Dr. Bruce Randolph, M.D., and (2) the ALJ failed to account for Plaintiff's non-exertional limitations caused by her migraine headaches and bipolar disorder. (DE #13 at 14-16) The Commissioner argues that substantial evidence supports the ALJ's RFC determination. (DE #14 at 8-11)

It is the claimant's burden to prove his RFC. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. *See* Social Security Ruling 96-8p. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (internal citations omitted). Although an RFC is a medical determination, the ALJ should rely not only on medical evidence but on all relevant, credible evidence. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

1.   *Physical Limitations*

Plaintiff essentially argues the ALJ committed legal error by concluding she could perform light work, which she claims is inconsistent with the medical opinion of Dr. Bruce Randolph, M.D. (DE #13 at 15) Plaintiff bases her argument solely on Dr. Randolph's notation that she had "moderate limitation in standing, walking, squatting, climbing and heavy lifting/pushing/pulling." (Tr. 337)

The ALJ did not commit error by concluding that the Plaintiff can perform work at the light exertional level. Taking into account Dr. Randolph's assessment, the ALJ found that Plaintiff's "residual functional capacity restricts her to light work performed under postural and environmental restrictions, where she has the option to sit or stand at will every sixty minutes." (Tr. 21) Plaintiff has failed to show how the ALJ's RFC finding is inconsistent with Dr. Randolph's finding of moderate limitations in her walking and standing. Furthermore, the record as a whole is consistent with the ALJ's RFC finding. The ALJ took into account that Dr. Randolph noted that Plaintiff has normal range of motion in her cervical and lumbar spine as well as normal gait and coordination. (Tr. 21) Additionally "medical records from November 7, 2012, report that the claimant has normal gait, and she is described on July 9, 2013, as having normal range of motion in all four extremities and is directed to exercise." (Tr. 21)

Lastly, the record reflects that no treating physician has ever put Plaintiff under any restrictions or acknowledged any limitations in walking or standing nor has the Plaintiff sought medical treatment for the alleged limiting physical condition. *See Mouser v. Astrue*, 545 F.3d 634, 638 (8th Cir. 2008) (holding that claimant's failure to seek medical treatment and lack of medical restrictions assessed by treating physician contradicts subjective complaints). The record shows that the ALJ considered the entire record when considering her physical limitations and assessed

Plaintiff's RFC based on all relevant, credible evidence. Substantial evidence supports ALJ's RFC assessment regarding her physical limitations.

2. *Mental Limitations*

Regarding her mental RFC, Plaintiff argues (1) that even though the ALJ found her migraines as a severe, she did not include non-exertional mental restrictions within her RFC determination, and (2) by failing to find Plaintiff's bipolar depression a severe impairment, the ALJ failed to properly consider the impact of that impairment on Plaintiff's RFC. (DE #13 at 15)

Plaintiff does not attempt to set forth what non-exertional mental limitations the ALJ should have set forth in her RFC to account for her migraine headaches; instead, she just states that "applicable non-exertional mental restrictions" were omitted. (DE #13 at 15) Plaintiff failed to meet her burden of proving that her migraine headaches cause any work-related limitations that are inconsistent with the ALJ's RFC. Furthermore, the record does not reflect that the Plaintiff's history of headaches causes any work-related limitations or that her migraines cannot be controlled through the use of over-the-counter medication and prescription medication. *See Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993) (finding that if an impairment can be controlled by treatment or medication, it cannot be considered disabling).

Regarding Plaintiff's argument that the ALJ failed to properly assess her mental work-related limitations caused by her bipolar disorder, the Court already discussed and determined that when looking at the record as a whole, her bipolar disorder does not rise to the level of a severe impairment in that it only causes minimal limitation in her ability to work. Accordingly, the Court finds that substantial evidence supports the ALJ's RFC determination.


C.    POST-DECISION EVIDENCE

Lastly, Plaintiff argues that the Commissioner's decision should be reversed because the Appeals Council failed "to consider additional new and material evidence relating to the period on or before the date of the ALJ's decision." (DE #13 at 16)  The Commissioner argues that remand is not appropriate because the evidence Plaintiff presented to the Appeals Council did not relate to her condition prior to the ALJ's January 2014 unfavorable decision.  The Court agrees.

Under 20 C.F.R. §§ 404.970(b) and 416.1470(b), if new material is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the ALJ's decision.  The Eight Circuit has held that "an implicit requirement is that the new evidence pertain to the time period for which benefits are sought, and that it not concern later-acquired disabilities or subsequent deteriorating of a previously non-disabling condition." *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997).  Furthermore, deterioration in a claimant's condition after the date of the Commissioner's final decision is not a basis for remand; however, it may be grounds for a new application of benefits. *Id.*

Plaintiff submitted medical records[6] dated July 30, 2014 from Baptist Health Medical Center to Appeals Council in November 2014.  The MRI report was not presented to this Court; however, the Appeals Council noted that it reviewed the medical records and because the new information is about a later time, it did not affect the decision about whether the Plaintiff was disabled beginning on or before January 22, 2014. (Tr. 2)  Due to the fact that that the MRI was performed six (6) months after the Commissioner's final decision and there is no objective evidence for this Court to review which would support Plaintiff's allegation that a lumbar spine

---

[6] The medical records in question were not included in the administrative record; however, the Plaintiff contends that it was a MRI of the lumbar spine performed on July 30, 2014 that "reveals chronic severe lumbar spine impairments." (DE #13 at 17)

impairment was present prior to January 2014, this Court finds that remand is not appropriate. There is substantial evidence in the record to support the ALJ's decision.

## Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error. Accordingly for the reasons set forth above, it is recommended that the final decision of the Commissioner be affirmed.

IT SO ORDERED this 18th day of November, 2016.

_____
UNITED STATES MAGISTATE JUDGE